# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE EDWARD KELLEY, ) | 1:06-cv-00156-LJO-TAG HC |
| Petitioner, ) | |
| ) | ORDER REQUIRING PETITIONER TO FILE |
| ) | AMENDED PETITION |
| v. ) | |
| ) | |
| ROSANNE CAMPBELL, ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SEND PETITIONER BLANK FORM |
| Respondent. ) | PETITION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition on February 17, 2006. (Doc. 1). The filing consists of the six-page form petition and approximately 169 pages of additional materials, a combination of handwritten arguments and official documents. In the space of the form in which Petitioner is required to list his claims for relief, he had indicated "SEE ATTACH," apparently referring to the attached materials.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254

Cases. The petition must also allege the facts surrounding petitioner's incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989). **In addition, a petition presented in *pro se* must be upon the form approved by the court**. See Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190  This rule ensures that all information needed is before the court. **Each ground for relief must be *clearly stated* and *allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief*.**  If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

The type of filing that simply references attachments requires the Court to expend considerable time and resources attempting to determine which claims petitioner seeks to raise before this Court. **It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with the petitioner.**[1] The proper use of the form petition results in administrative convenience of benefit to both the petitioner and the Court. Here, Petitioner apparently expects the Court to sift through all of the attachments to glean the basis for his claims. The Court declines to engage in such a time-consuming effort. Thus, Petitioner will be required to resubmit the form petition once it has been completely filled out as is stated on the form. **A petitioner may submit attachments to the form; however, a simple reference to the attached where specific information is required is not acceptable.**

Because Petitioner has not clearly explained for his grounds for relief, a determination as to whether the claims have been exhausted in the state courts is impossible. Indeed, Petitioner apparently acknowledges that he has not exhausted some or all of his claims, because he indicates in the petition that he was foreclosed from raising claims on appeal by the terms of his plea agreement. (Doc. 1, p. 3). Petitioner is advised that he must have exhausted all claims in the state courts, by presenting such claims in the California Supreme Court, before he may raise them in this Court.

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

1  A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

In addition to listing his grounds for relief, petitioner must tell the Court which claims were raised and in which court. This information must include the dates of filing and disposition so as to determine whether petitioner has exhausted his state remedies and is in compliance with the limitations period prescribed by 28 U.S.C. §2244(d)(1).[2] All of this information can be supplied using the form petition. Without this information, the Court cannot proceed to the merits of the petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. That Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition. Petitioner is advised that the amended petition should be clearly entitled "**Amended Petition for Writ of Habeas Corpus**." Petitioner is advised that the petition must set forth his claim(s) clearly, including all the facts and arguments in

---

[2] Petitioner should note that a one year period of limitations exists for cases filed pursuant to §2254. In most cases, the one year limitation period starts to run on the date the California Supreme Court denied petitioner's direct review. The limitations period is tolled while a properly filed request for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). However, the running of the limitation period is *not tolled* for the time an application for post-conviction or collateral review is pending in *federal* court. Sperling v. White, 30 F. Supp.2d 1246, 1250 (C.D. Cal. 1998).

3

support of said claim(s).  With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.  The Court will not consider the original petition.  **Petitioner is reminded that each claim *must* state a cognizable federal claim;**

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **December 14, 2007**                              /s/ Theresa A. Goldner
                                                      UNITED STATES MAGISTRATE JUDGE

4