UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE EDWARD KELLEY,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>ROSANNE CAMPBELL,<br><br>　　　　　　Respondent. | 1:06-cv-00156-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN FIFTEEN DAYS |

　　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

　　　　On February 17, 2006, Petitioner filed the instant habeas petition.  (Doc. 1).  On December 17, 2007, the Court issued an order requiring Petitioner to amend his petition within thirty days of the date of service of the order to amend.  (Doc. 17).   To date, more than thirty days has passed; however, Petitioner has failed to comply with or otherwise respond to the Court's order.

　　　　In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

　　　　The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 17, 2006.  The third factor, risk of prejudice to Respondent, also weighs in favor of

dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v. U.S. Postal Service, 833 F.2d 128, 132-33 (9th Cir. 1987); Henderson, 779 F.2d at 1424. The Court's order of December 17, 2007, expressly stated: "Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Local Rule 11-110." (Doc. 17, p. 4). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for Petitioner's failure to prosecute.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 3, 2008**                                    **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE